Ralph C. Dell Attorney for The Hospital and Welfare Board of Hillsborough County Tampa
QUESTION:
May a pregnant, unmarried woman under 18 years of age execute a valid and binding consent for an abortion without the consent of a parent, custodian, or legal guardian?
SUMMARY:
A pregnant, unmarried woman under 18 years of age may execute a valid and binding written consent and request for termination of her pregnancy in the first trimester without the consent of a parent, custodian, or legal guardian.
Section 458.22(3), F. S., provides that one of the following shall be obtained by a physician prior to terminating a pregnancy:
 (a) The written request of the pregnant woman and if she is married, the written consent of her husband, unless the husband is voluntarily living apart from the wife, or
 (b) If the pregnant woman is under 18 years of age and unmarried, in addition to her written request, the written consent of a parent, custodian, or legal guardian must be obtained, or
 (c) Notwithstanding paragraphs (a) and (b), a physician may terminate a pregnancy provided he has obtained at least one corroborative medical opinion attesting to the medical necessity for emergency medical procedures and to the fact that to a reasonable degree of medical certainty the continuation of the pregnancy would threaten the life of the pregnant woman.
In Coe v. Gerstein, 376 F. Supp. 695 (S.D.Fla. 1974), aff'd subnom., Poe v. Gerstein, 517 F.2d 787 (5th Cir. 1975), aff'd, Gerstein v. Coe, 428 U.S. 901, a three-judge federal court entered a declaratory judgment holding s. 458.22(2)(a) and (b), F. S., invalid, stating:
 As we learn from Roe v. Wade, 410 U.S. 113 (1973), the State has no authority to interfere with a woman's right of privacy in the first trimester to protect maternal health nor can it interfere with that right before the fetus becomes viable in order to protect potential life. It follows inescapably that the state may not statutorily delegate to husbands and parents an authority the state does not possess.
 We do not learn from the opinion in Roe v. Wade, supra, the age of plaintiff Roe, the pregnant woman who enjoyed the `fundamental,' `personal right of privacy' recognized by the Supreme Court. But we do know that a pregnant woman under 18 years of age cannot, under the law, be distinguished from one over 18 years of age in reference to `fundamental,' `personal,' constitutional rights.
 In holding the Florida `spousal or parental consent' requirement unconstitutional, this Court, of course, does not limit the traditional and substantial right which husbands and parents have in asserting their respective interests within the family unit. Certainly husbands ought to participate with their wives in decisions relating to whether or not their mutual procreation should be aborted or allowed to prosper and parents ought to advise and guide their unmarried, minor daughters in a decision of such import. But a state which has no power to regulate abortions in certain areas simply cannot constitutionally grant power to husbands and parents to regulate in those areas. Therefore, husbands and parents cannot look to the state to prosecute and punish the physician (or other participants) who performs an abortion against the wishes of the husbands and parents.
Since s. 458.22(3)(a) and (b), F. S., were declared unconstitutional by the federal courts, the Florida Legislature has not attempted to revise those provisions of s. 458.22(3). To the contrary, s. 1, Ch. 77-457, Laws of Florida, repeals Chs. 458 and 459, F. S., as of July 1, 1979.
Additionally, s. 458.215(1), F. S. (1976 Supp.), presently provides that an unwed pregnant minor may consent to the performance of medical or surgical care or services relating toher pregnancy by a hospital, clinic, or physician licensed under Ch. 458 or Ch. 459, and such consent is as valid and binding as if she had achieved her majority. The provision contains no proviso as to age; the minor is only required to be pregnant. Although s. 458.215(3) states that nothing in the act (Ch. 76-215, Laws of Florida) shall affect the provisions of s. 458.22, F. S., there are, due to the aforecited federal decisions, no longer any valid provisions contained in s. 458.22(3)(b) which it could affect.
Accordingly, since no constitutional statute presently exists which validly requires the additional written consent of a parent, custodian, or legal guardian as a condition or prerequisite to the termination of a pregnancy of a pregnant unmarried woman under the age of 18, there is no lawful impediment for such person, upon her written request, to validly consent to and request in writing the termination of her pregnancy in the first trimester of such pregnancy. Cf., Jones v. Smith, 278 So.2d 339 (4 D.C.A. Fla., 1973), cert. denied, 415 U.S. 958.
Prepared by: Sharyn L. Smith, Assistant Attorney General